UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BERT JOHNSON,**
                Plaintiff,

v.                                           **Case No. 15-cv-718-pp**

**CATERPILLAR GLOBAL MINING LLC and
KIMBERLY CROXTON,**
                Defendants.

---

**DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2),
SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND DIRECTING
PLAINTIFF TO FILE AN AMENDED COMPLAINT ON OR BEFORE
FRIDAY, FEBRUARY 19, 2016**

---

      Bert Johnson, a state prisoner, filed a *pro se* complaint alleging violations of his civil rights and of federal law regarding his termination from Caterpillar Global Mining Company. Dkt. No. 1. The case is before the court on the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and for screening of the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial

1

partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time through deductions from his prisoner account. Id.

On June 19, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $46.83 on or before July 20, 2015. Dkt. No. 4. On June 29, 2015, however, the plaintiff paid the *full* filing fee of $400.00. Accordingly, the court will deny as moot the plaintiff's motion for leave to proceed without pre-paying the filing fee, and will screen his complaint.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint, however, that offers "labels and conclusions" or

2

"formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived the plaintiff of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a

3

liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Complaint

The plaintiff alleges that in January of 2013, he was employed by Caterpillar Global Mining in South Milwaukee, Wisconsin. Dkt. No. 1 at 3. The plaintiff asserts that on January 29, 2013, he "was terminated for not reporting [his] absences for five days, while [he] was out on a medical leave per company doctor and did not need to call in daily." Id. at 3. According to the plaintiff, however, the real reason for his termination was the increase in visits the plaintiff made to the company doctor, as well as the plaintiff's age and medical needs. Id.

As his legal theories, the plaintiff mentions the Americans with Disabilities Act (ADA), 42 U.S.C. § 12201(6), 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment. Id. at 4. The plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Id. at 5.

C.  Legal Analysis of Alleged Facts

"The ADA prohibits an employer from discriminating against a qualified individual with a disability." Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669 (7th Cir. 2000) (citing 42 U.S.C. § 12112(a)). To establish disability discrimination, the plaintiff must show all three of the following elements: (1) that he is disabled within the meaning of the ADA, (2) that he is qualified to perform the essential functions of his job either with or without reasonable

4

accommodation, and (3) that he suffered from an adverse employment action because of his disability. Bekker, 229 F.3d at 670.

Although the plaintiff only references the ADA, he also says he was terminated due to his age. He may, therefore, also state a claim under the Age Discrimination in Employment Act (ADEA). "Under the ADEA, an employer may not discharge, refuse to hire, or otherwise discriminate against any individual who is age 40 or older." Kralman v. Illinois Dept. of Veterans' Affairs, 23 F.3d 150, 153 (7th Cir. 1994) (citing 29 U.S.C. § 623(a), 631(a)).

The plaintiff fails to provide enough details to proceed on either of these claims. With regard to his allegation that someone violated his rights under the ADA, the plaintiff says only that he has medical needs and that he needed to visit the company doctor often, which resulted in his termination. He does not identify his disability or allege that he is a qualified individual with a disability who could perform the essential functions of his job either with or without reasonable accommodation. The court also notes that the plaintiff simply states that he "was terminated"—he does not state who fired him, or who participated in the decision to fire him. While he lists someone named "Kimberly Croxton" as one of the defendants, he does not say who this person is, or what her role was in terminating his employment. The plaintiff must provide more detail before he may proceed on an ADA claim.

Similarly, with regard to the ADEA, the plaintiff has not provided sufficient detail. He does not indicate how old he is (and the ADEA specifies that it prohibits discrimination only against those who are age 40 or older). He

5

does not state whether there were other employees in his age group who were not terminated. Again, the plaintiff must allege more detail before he can bring a claim under the ADEA.

Additionally, both the ADA and the ADEA require plaintiffs to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(1). If the EEOC chooses not to proceed on the plaintiff's behalf, it will issue a notice of right to sue. The plaintiff then must file his lawsuit within ninety (90) days from the date the EEOC gives notice of the right to sue. Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999) (citations omitted). The time limits imposed on potential litigants by Title VII (and by incorporation, the ADA and ADEA) operate like to statutes of limitation, rather than as a jurisdictional requirement. Rennie v. Garrett, 896 F.2d 1057, 1062 (7th Cir. 1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). While an EEOC charge is not central to a plaintiff's complaint, the complaint itself cannot exist without the EEOC charge. See, e.g., E.E.O.C. v. Concentra Health Services, Inc., No. 05 C 1109, 2006 WL 2024240 at *3 (N.D.Ill. July 12, 2006).

The plaintiff did not indicate in his complaint whether he ever filed a charge with the EEOC, and if he has a Notice of Right to Sue, he did not attach it to his complaint.

The court also notes that the plaintiff filed his complaint on a form entitled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Dkt. No.

6

1.That statute—section 1983—allows a person who has been injured by having his civil rights violated by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" may sue that person for violating those rights. Caterpillar Global Mining, however, is both an organization and a private entity. Section 1983 allows suits against "persons," not corporations, and it allows suit only against a person acting under the color of state law. Reed v. Columbia St. Mary's Hosp., 782 F.3d 331, 337 (7th Cir. 2015) (citations omitted). Even if Caterpillar wrongfully terminated the plaintiff, his cause of action doesn't lie under §1983. In the same way, because the plaintiff does not identify Kimberly Croxton, the court has no way of knowing whether she is a person who was acting under color of law. The court suspects that she might be someone who was affiliated with Caterpillar Global; if so, the plaintiff cannot sue her under §1983, either.

The court will provide the plaintiff with an opportunity to amend his complaint, so that he can, if possible (a) provide the details necessary to state a claim under the ADA and the ADEA, and (b) attach the Notice of Right to Sue from the EEOC (if, in fact, he has received such notice). If the plaintiff can meet the requirements the court describes—if he has a Notice of Right to Sue that he can attach to the amended complaint, and if he can allege the necessary details—he must file his amended complaint on or before Friday, February 19, 2016. If the plaintiff files an amended complaint, the court will screen it. If the plaintiff does not file an amended complaint by February 19, 2016, the court will dismiss the case without prejudice, without further notice or hearing.

The court advises the plaintiff that the amended complaint must contain the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint will supersede the original complaint, and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

### III. CONCLUSION

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **ORDERS** that if the plaintiff is able to file an amended complaint and wishes to do so, the plaintiff must file that amended complaint on or before **Friday, February 19, 2016**.

The court **FURTHER ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin this 19th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge